[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10274

_____

D. C. Docket No. 06-20046-CV-WBH

JEFF ALEXANDER,
JERRY FREDRICKSON,

Plaintiffs-Appellants,

versus

FLORIDA BAR,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 20, 2008)**

Before ANDERSON, Circuit Judge, and TRAGER,* District Judge.[1]

_____

*Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

_____

[1] Judge Barkett recused herself in this case. This opinion is rendered by a quorum of the panel.

PER CURIAM:

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be affirmed. On appeal, the plaintiffs make only two arguments: (1) that the district court erred in declining to permit plaintiffs to amend their complaint to add new defendants in order to avoid Eleventh Amendment immunity; and (2) that the district court erred in concluding that plaintiffs' due process claim was without merit.

Plaintiffs do not challenge on appeal the district court's holding that the State Bar is an arm of the Supreme Court of Florida, and therefore is protected by the Eleventh Amendment immunity. Rather, plaintiffs argue only that the district court erred in declining to permit the plaintiffs to amend their complaint. We cannot conclude that the district court erred. Plaintiffs never submitted a proposed amendment to the district court. Rather, at the hearing on the Bar's motion to dismiss, the plaintiffs orally expressed the hope that the district court would grant leave to amend in order to add appropriate individuals, if the court did not agree with plaintiffs' arguments with respect to the claim against the Bar. The district court denied leave to amend for two reasons: First, the district court indicated that, despite plaintiffs' assertions to the contrary, nowhere in the complaint or during

oral argument do the plaintiffs seek a form of relief that remotely resembles prospective injunctive relief; second, the court concluded that any amendment would be futile because plaintiffs' due process claim was without merit.

We cannot conclude that the district court erred with respect to its first reason. In the plaintiffs' oral request to amend, plaintiff requested only leave to add new parties, not to amend the substance of the relief requested. We cannot disagree with the district court that the relief requested in the district court did not remotely resemble prospective injunctive relief. Rather, plaintiffs were challenging the denial of their claims and seeking a court order to force the Bar to pay their claims. At least at some points in their brief on appeal, plaintiffs purport to be disavowing any effort to seek payment of their claims, but at other points plaintiffs seem to continue to seek such retroactive payments. In any event, to the extent plaintiffs do seek only prospective relief in the form of better procedures for the processing of such claims by the Bar, we decline to entertain the claim, because it is made clearly for the first time on appeal, and also because plaintiffs' argument is vague, failing to articulate the form such better procedures should take.

As noted, the district court also rejected leave to amend, concluding that any

such amendment would be futile. We agree.[2] We agree with the district court that the plaintiffs' due process claim is without merit. The district court held that plaintiffs have no property interest in payments from the Bar fund, and plaintiffs do not challenge that holding on appeal. Rather, plaintiffs argue, citing Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367 (1960), that the Bar's procedures are so arbitrary that its actions violate due process. We need not address whether the due process clause protects against arbitrary and capricious governmental acts in the absence of a property or liberty interest. Even if such a claim were possible, plaintiffs here fail to articulate clearly in what manner the Bar's procedures are arbitrary. Apparently, plaintiffs argue that the procedures are arbitrary because the rules provide that payment is a matter of grace, and not a matter of right. We know of no case holding that the mere recitation that payment of benefits is a matter of grace, and not a right, renders the procedures unconstitutionally arbitrary. This is especially true in a case, such as this case, where there are written procedures and criteria which are reasonable on their face. For example, the stated reason for the Bar's rejection of plaintiffs' initial letter request for payment – namely the need to exhaust other avenues for payment – is clearly reasonable.

---

[2] Plaintiffs do not challenge the district court's holding that plaintiffs' equal protection claim is without merit. Accordingly, we address only plaintiffs' argument that the district court erred in concluding that its due process claim is without merit.

4

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**[3]

---

[3]  Appellants' motion to supplement the record on appeal is **DENIED**.